## WILLIAM WARDEN v. ESTATE OF ANDREW WARDEN.

When a paper has been read to the jury without objection, but the jury are afterwards instructed by the court, that it can be of no avail in the case, it is not error for the court to suffer it to be taken by the jury with the other papers in the case.

APPEAL from commissioners. The plaintiff declared in assumpsit for money paid. Plea, the general issue, and trial by jury, June Term, 1850,—POLAND, J., presiding.

On trial, the plaintiff having given evidence tending to prove his case, the defendant, among other things, read in evidence, without objection, a submission of all matters in difference between the plaintiff and Andrew Warden, dated April 29, 1843, and also offered in evidence a copy of an award made in pursuance of said submission, which was objected to by the plaintiff and excluded by the court. The defendant also offered parol evidence to prove an award,—which was objected to by the plaintiff and excluded by the court. The court, in charging the jury, directed them to consider the case upon the several matters of defence relied upon, aside from the submission and award, and told the jury, that the submission, not being followed by proof of any award made, constituted no defence ; and the charge was not excepted to by either party. After the charge, and when the counsel were selecting the papers to be

delivered to the jury, the counsel for the plaintiff objected to the submission being permitted to go to the jury; but the court permitted it to be taken by the jury, with the other papers in the case; and to this the plaintiff excepted. The jury returned a verdict for the defendant.

———— for plaintiff.

*J. Potts* for defendant.

The opinion of the court was delivered by

REDFIELD, J. There seems to be no question whatever in this case. Any paper, which should go to the jury without objections, although it should appear, that it might have misled the jury, could hardly form the basis of a writ of error, the court having made no decision in regard to it. But if the paper had gone into the case by direction of the court, and at a subsequent stage of the trial the court became convinced that the paper ought not to be considered in determining the case, and should so instruct the jury, it would effectually cure the error. Courts, at the present day, consider jurors rational beings, and capable of following plain instructions, and willing to do so, and do not suppose, that one word, more or less, even of incompetent testimony, is incapable of being so expunged from the case, as not to influence the event. In the case of *Smith* v. *Richardson*, Willes 20, 23, there is a *dictum*, which would seem to justify the conclusion, that the jury were not to be trusted in such a case,—although it shows that eminent judges had ventured sometimes to admit doubtful evidence *de bene esse.* The following are the words of the reporter; "It was said, that a very great judge had frequently admitted evidence, if doubtful whether it were evidence, or not, and said he would afterwards tell the jury, how far they ought to have regard to it; *but this, though the practice of a very great man, was thought to be of very dangerous consequence.*" I, for one, should be content to follow the practice of the judge, so severely questioned; and it is certain no practice is more universal, in the English courts, in jury trials, than to take the testimony down in course, and strike out such as is incompetent, when that shall fully appear. If that could not be done, it would

leave the court often in a very ludicrous dilemma; they could neither go forward, nor retrace their steps. They would virtually have committed an unpardonable transgression, which neither repentance, or restitution, could atone for. We do not apprehend, there is any necessity of making even the law of jury trials so inflexible. But this question, even, is not fairly raised in the present case,—the paper having, in the first instance, gone to the jury, without objection.

Judgment affirmed.